SUMMARY ORDER

Petitioner Ming Xiang Huang, a native and citizen of the People’s Republic of China, seeks review of a September 26, 2008 order of the BIA affirming the July 30, 2007 decision of Immigration Judge (“LJ”) Sarah M. Burr denying Huang’s applications for asylum, withholding of re *658 moval, and relief under the Convention Against Torture (“CAT”). In re Ming Xiang Huang, No. A 94 794 507 (B.I.A. Sept. 26, 2008), aff'g No. A 94 794 507 (Immig. Ct. N.Y. City July 80, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, this Court does not have jui'isdietion to address Huang’s challenge to the IJ’s denial of CAT relief because he failed to exhaust any challenge to that determination before the BIA. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006).[2] Additionally, we decline to address Huang’s unexhausted arguments that he demonstrated past persecution and that he resisted China’s family planning policy by opposing the fine imposed upon him. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 124 (2d Cir.2007).[3]
The IJ denied Huang’s application for asylum because he found that Huang had not established that his resistance to China’s family planning policy was “at least one central reason” for the persecution he feared. See 8 U.S.C. §§ 1158(b)(l)(B)(i), 1101(a)(42). Although Huang asserts that he brandished a cleaver and threatened family planning officials to obstruct their efforts to implement the family planning policy, substantial evidence supports the agency’s finding that Huang failed to demonstrate his opposition to the family planning policy was one central reason that the police sought him. See Manzur, 494 F.3d at 289-94.
Punishment for violation of a generally applicable criminal law is not persecution. See Saleh v. U.S. Dep’t of Justice, 962 F.2d 234, 239 (2d Cir.1992). However, in evaluating motive in a case in which “prosecution for an offense may be a pretext for punishing an individual for his political opinion, ... the evidence must be evaluated ... to determine whether the motive for the abuse in the particular case was directed toward punishing or modifying perceived political views, as opposed to punishment for criminal acts ... [or] was motivated by some other reason unrelated to asylum law.” Matter of S-P-, 21 I. & N. Dec. 486, 493-94 (B.I.A.1996); see also Vumi v. Gonzales, 502 F.3d 150 (2d Cir.2007). Here, Huang’s own testimony supports the agency’s finding that police sought his arrest to prosecute him for a crime based on the threats he made against officials with the cleaver. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (finding that even assuming that a petitioner has *659 established a political opinion, he or she still “has to establish that the record also compels the conclusion that he has a ‘well-founded fear’ that the [alleged persecutors] will persecute him because of that political opinion,” rather than some other reason). Huang testified that he heard one of the officials call the police for help because the officials were being threatened with a cleaver. He further testified that the police sought his arrest because he “tried to stab the cadres,” and that his wife told him that police sought his arrest because he “was threatening at the cadres.” Although Huang also testified that his wife told him that the police sought his arrest because he obstructed them while they tried to carry out their duty, that testimony would not compel the conclusion, contrary to the agency’s finding, that Huang’s opposition to the family planning policy was a “central reason” for their interest in him. See Siewe v. Gonzales, 480 F.3d 160, 167 (2d Cir.2007) (cautioning that ‘“the appellate court’s function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable’” (quoting Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946))).
Because substantial evidence supports the IJ’s finding that Huang failed to demonstrate the requisite nexus to a protected ground, the agency properly denied his application for asylum. See 8 U.S.C. § 1158(b)(l)(B)(i). Because Huang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Therefore, we need not address the BIA’s alternate finding that Huang was ineligible for asylum and withholding of removal because he committed a serious nonpolitical crime. See 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii).
For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Contrary to the government’s argument, however, we consider Huang's challenge to the IJ's denial of his application for withholding of removal exhausted because the BIA addressed his eligibility for that relief. See Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006); Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir. =1994).

. Contrary to the government's suggestion that we would lack jurisdiction to consider these arguments, we have found that issue exhaustion is not jurisdictional, although it is mandatory. See Lin Zhong, 480 F.3d at 119-20.